**In re Paul F. CAPOBIANCO, Margaret P. Capobianco, Debtors.**

**John BOYAJIAN, Trustee, Plaintiff,**

**v.**

**KIRSHENBAUM INVESTMENT COMPANY INC., Defendant.**

**Bankruptcy No. 77–454.**

United States Bankruptcy Court, D. Rhode Island.

April 30, 1987.

[black bar]

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., Trustee.

Sanford Kirshenbaum, Providence, R.I., for Kirshenbaum Inv. Co. Inc.

Thomas Pitts, Edwards & Angell, Providence, R.I., for Capobianco.

## DECISION ON THE TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the trustee's motion for summary judgment pursuant to Fed.R.Civ.P. 56 on Count IV of his complaint. The complaint seeks, *inter alia:* (1) a declaration that the promissory note and the mortgage deed securing it entered into by the debtors and Kirshenbaum Investment Company, Inc. is void under the Rhode Island Secondary Mortgage Loans Act, R.I.GEN.LAWS § 19–25.2–1 *et seq.;* (2) an order for return of all payments made by the debtors on the note. The trustee's motion is unopposed.[1]

The trustee filed his complaint on December 6, 1979 and the defendant originally answered with a general denial on January 7, 1980. Since that answer was improper under Fed.R.Civ.P. 8(b), the Court, after hearing, granted the trustee's motion to strike. Thereafter, defendant answered and admitted all the allegations of Count IV of the complaint, except the allegation that the loan violated the Secondary Mortgage Loans Act ("the Act") by charging a higher rate of interest than allowed by law. After considerable pretrial skirmishing, including: (1) the appearance by new counsel for the defendant, (2) defendant's motion that this Court abstain until the Act had

been interpreted by a state court, and (3) various discovery disputes, the parties represented that settlement was possible, and the matter was passed on June 3, 1981, in anticipation of a settlement. The settlement discussions were so unproductive that nothing substantial happened until the trustee filed the instant motion for partial summary judgment, on January 7, 1986. Thereafter, an application to compromise was filed on January 29 and approved by our order of February 20, 1986. However, the parties never consummated the settlement and on January 21, 1987 the trustee moved to vacate our prior order approving the settlement and for a ruling on the pending motion for partial summary judgment. The motion to vacate was unopposed and was granted on February 9, 1987.

We cannot grant a motion for summary judgment unless there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976).

The relevant facts are undisputed:[2] On July 6, 1976 the debtors and Kirshenbaum Investment Company, Inc. entered into a consumer credit loan transaction and executed a promissory note in favor of the defendant in the amount of $16,500. *See* Exhibit A. The note was secured by a mortgage deed on two parcels of real estate owned by Margaret Capobianco located at 73 and 74 Allen Avenue, North Providence, Rhode Island. *See* Exhibit B. The loan in question is a "secondary mortgage loan" as the term is defined in R.I.GEN. LAWS § 19–25.2–1(a) and is regulated by the Secondary Mortgage Loans Act.[3]

The Secondary Mortgage Loans Act was enacted in 1966 as 1966 R.I.Pub.Laws Ch. 269, § 21 and set the maximum allowable

---

**1.** When no objection to a motion is filed, Local Rule 10(d) permits us to grant the motion as unopposed. However, because of the somewhat checkered history of this matter, *see infra*, we have chosen not to utilize Local Rule 10.

**2.** This opinion constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rule 7052 and Fed.R.Civ.P. 52.

**3.** Defendant has admitted all the foregoing in its answer filed January 27, 1980.

rate of interest at 15%. That rate remained constant until raised to 18% by 1980 R.I.Pub.Laws Ch. 393, § 1 and then to 21% by 1981 R.I.Pub.Laws Ch. 420, § 1. When the instant loan was made in 1976, the maximum rate of interest allowed to be charged by the Act was 15%. However, the note called for an annual percentage rate of 21%, *see* Exhibit B, and, therefore, was in violation of the Act.

The penalty provisions of the Act, § 19–25.2–29 provides that

> [a]ny person ... who shall violate or participate in the violation of the provisions of this chapter, shall be guilty of a misdemeanor.... Any secondary mortgage not invalid for any other reason, in the making or collection of which any act shall have been done which constitutes a misdemeanor under this section, shall be void and the lender shall have no right to collect or receive any principal, interest, or charges whatsoever, unless the licensee shall prove that such act was the result of an accidental or bona fide error.

When previously required to construe the provision of the Act,[4] we have stated

> [t]he intent of the Legislature, in our view, in adopting the Secondary Mortgage Loans Act ... was to provide for a comprehensive scheme of state regulation of secondary mortgage transactions for the protection of consumer borrowers.... The clear legislative intent to protect consumer-borrowers from overreaching by lenders runs all through the statute in question.

*Boyajian v. Union Capital Corp. (In re Harrington)*, 6 B.R. 655, 658 (Bankr.D.R.I. 1980).

No facts are in dispute, and that portion of defendant's answer which denies that the interest rate specified in the note exceeded that allowed by § 19–25.2–23 is incorrect as a statement of the law when the loan was made. Therefore, the trustee's motion for summary judgment on Count IV of his complaint is granted. The promissory note and mortgage which secures it are declared void under R.I.GEN.LAWS § 19–25.2–29, and Kirshenbaum Investment Company, Inc., is ordered to return to the trustee all sums received by it for the loan in question. *Boyajian v. FinanceAmerica Corp. (In re Mandell)*, 6 B.R. 961, 968 (Bankr.D.R.I.1980).

Enter Judgment accordingly.

---

4. To our knowledge, the only reported decisions construing the Secondary Mortgage Loans Act are those of this Court.